UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA

| | | |
|---|---|---|
| DWUAN SESSION, | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | 1:06-cv-1062-SEB-JMS |
| | ) | |
| RN. K. ROSE, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**Entry Discussing Motion for Summary Judgment**

For the reasons explained in this Entry, the motion for summary judgment either filed or joined in by the defendants must be **granted.**

**Background**

Dwuan Session ("Session") previously sued Putnam County Sheriff Mark Frisbie and Deputy Sheriff Brian T. Helmer, in their official and individual capacities, seeking relief pursuant to 42 U.S.C. § 1983 for injuries sustained in an automobile accident while he was in the custody of officers of the Putnam County Sheriff's Department. That action was docketed as No. 1:05-cv-1768-JDT-TAB and is referred to in this action as "the prior action." The prior action was concluded on the docket with the submission and approval of the parties' stipulation of dismissal. The prior action was then dismissed with prejudice on March 2, 2006.

Session then filed the present action based on the same events as connected with the prior action, but against different defendants. The defendants in the present action are K. Rose, RN, Dr. Bellar, and Dr. Johnson (hereafter "defendants").

The defendants seek resolution of Session's claims against them in this action through the entry of summary judgment. Such a resolution is appropriate when the pleadings, depositions, answers to interrogatories, and admissions on file, together with any affidavits, show that there is no genuine issue of material fact and the movant is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c); *Celotex Corp. v. Catrett,* 477 U.S. 317, 322 (1986). Session opposes the entry of summary judgment based on the present record of pleadings and evidence.

**Discussion**

In this action, Session alleges that he sustained injuries in a serious motor vehicle accident on July 23, 2004, and that the defendants failed to provide adequate, timely and proper medical care. The accident which occurred on July 23, 2004, was also the incident forming the basis of Session's claims in the prior action. The prior action, as noted, was

resolved through the parties' stipulation of dismissal. A document associated with that stipulation, not surprisingly, was a release signed by Session. The defendants argue that the release signed by Session bars him from bringing the claims against them in this action. The release Session signed in order to secure the resolution by stipulation of the prior action, in relevant part, purports to release "all officers, officials, agents, servants, employees and board members" of Putnam County, Indiana, the Putnam County Board of Commissioners, and the Sheriff of Putnam County, from any actions for damages "on account of or in any way growing out of any and all known and unknown injuries [he] sustained as a result of a motor vehicle accident which took place on or about July 23, - 24, 2004, when [he] was being transported in the rear of a Putnam County Sheriff's Department van," . . . "denied, delayed, or inadequate medical care while [he] was incarcerated at the Putnam County Jail," . . . and "any subsequent injuries [he has] suffered to date as a result of the actions or omissions of the Released Parties." The critical language of the release, at least for the present purpose, is that through it Session released "all officers, officials, agents, servants, employees and board members" of Putnam County, Indiana and the Sheriff of Putnam County.

Session argues that the defendants in this case were not named or otherwise made part of the released parties. He argues that because the defendants were employees or independent contractors of Advanced Correctional Healthcare, Inc., ("ACH"), an entity which contracted with Putnam County to provide healthcare services to the inmates of Putnam County Jail, the release does not encompass the defendants in the present case.

Under Indiana law, a release is construed according to the rules of contract law, "with the parties' intentions regarding the purpose of the document governing." *Cummins v. McIntosh*, 845 N.E.2d 1097, 1101 (Ind.Ct.App. 2006). "If the language of a release document is clear and unambiguous, the intent of the parties is to be determined by reviewing the language contained between the four corners of the instrument." *Id.* at 1102. The language of the release at issue here does not name defendants Rose, Dr. Bellar or Dr. Johnson by name, but the description of the released parties includes "agents" of Putnam County, which reasonably encompasses employees of ACH, the entity which provided healthcare for the jail. Furthermore, the purpose of the settlement and release was to discharge any claim for any injuries sustained as a result of the accident or a denial or delay in the provision of medical care, which are the precise claims Session asserts in this action. The unambiguous language of the release bars this action.

### Conclusion

Based on the foregoing, there exists no genuine issue of fact as to any material fact and the defendants are entitled to judgment as a matter of law. Judgment consistent with this Entry shall now issue.

**IT IS SO ORDERED**.

Date: 02/02/2007

SARAH EVANS BARKER, JUDGE
United States District Court
Southern District of Indiana